AO 91 (Rev. 12/93) Criminal Complaint ◼

# United States District Court

### DISTRICT OF DELAWARE



UNITED STATES OF AMERICA

v.

JOHN E. MANNING

**FILED UNDER SEAL**

Criminal Complaint

CASE NUMBER: 07-**207 M**

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about _October 25, 2007_ in _New Castle_ County, in the District of Delaware, defendant committed the offense of knowingly possessing visual depictions of minors engaging in sexually explicit conduct, in violation of Title __18__ United States Code, Section(s) __2252__ and the offense of knowingly possessing child pornography, in violation of Title __18__ United States Code, Section(s) __2252A__.

I further state that I am a(n) __Special Agent, United States Immigration and Customs Enforcement__ and that this
Official Title
complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_Patrick M. McCall_
Signature of Complainant
Patrick McCall
Special Agent, United States Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

_October 26, 2007_                    at     _Wilmington, DE_
Date                                            City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer         Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07- |
| ) | |
| JOHN E. MANNING, ) | **FILED UNDER SEAL** |
| ) | |
| Defendant. ) | |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick M. McCall, being duly sworn, depose and state the following:

    1. I am a Special Agent with United States Immigration and Customs Enforcement ("ICE"), an investigative branch of the United States Department of Homeland Security. I have been employed as a Special Agent for ICE and its predecessor agency, the United States Immigration and Naturalization Service ("INS"), for approximately twenty years and am currently assigned to the Resident Agent in Charge Office in Wilmington, Delaware. I was previously assigned to the ICE/INS Philadelphia Office of Investigations for approximately eighteen years, where my responsibilities included conducting investigations into various types of federal crimes, including crimes involving child pornography. I have received training from ICE and another of its predecessor agencies, the United States Customs Service, regarding child pornography, the sexual abuse of children, the behavior of preferential child molesters and how to conduct investigations of child sexual exploitation and obscenity crimes. As part of my work on these cases and in these training courses, I have observed and reviewed numerous examples

1

of child pornography (as that term is defined in 18 U.S.C. § 2256) in all forms of media, including computer media. In the course of my investigative duties, I have also had contact, in the form of interviews and meetings, with preferential child pornographers and those involved in the distribution, sale, production and possession of child pornography. And I have assisted in the execution of numerous search warrants relating to investigations of child pornography crimes.

2. On October 22, 2007, I obtained a search warrant (Case No. 07-205-M), signed by United States Magistrate Judge Leonard P. Stark, for the Wilmington, Delaware residence ("the residence") of John E. MANNING, to search for and seize evidence of violations of Title 18, United States Code, Sections 2252 and 2252A ("Sections 2252 and 2252A"). Sections 2252 and 2252A make it a federal crime for any person to, *inter alia*, knowingly possess visual depictions of a minor engaging in sexually explicit conduct, or to knowingly possess child pornography, which has been mailed or has been shipped or transported in interstate or foreign commerce, or which possession involves materials that have been so mailed or shipped or transported, by any means, including by computer.

3. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that John E. MANNING knowingly possessed visual depictions of a minor engaging in sexually explicit conduct and knowingly possessed child pornography, in violation of Sections 2252 and Section 2252A.

4. On October 25, 2007, ICE agents, along with members of the Delaware State Police's ("DSP") High-Tech Crimes Unit, executed the search warrant at the residence. The defendant was not present during the execution of the warrant. Based on the appearance of the residence, there appeared to be only one person living there. During the search of the residence, ICE agents found numerous pieces of mail, including bills and banking statements, addressed only to MANNING at the residence address. ICE agents, who had previously viewed MANNING's picture on his Delaware Department of Motor Vehicle driver's license, also saw numerous photos at the residence containing MANNING's picture. They also observed a plaque on the wall with MANNING's name on it.

5. At the residence, along with other computer-related media, the agents seized three computers, which contain materials that have traveled in interstate commerce: (1) a Sony VAIO desktop computer (and accompanying hard drive); (2) a Sony VAIO laptop computer; and (3) a Toshiba Satellite laptop computer. The Sony VAIO desktop computer, which was located in an office in the residence, and the Sony VAIO laptop computer, which was located in the bedroom of the residence, both were plugged into outlets and appeared to be ready for current use.

6. The DSP officers were then able to electronically access the contents of the Sony VAIO desktop computer and the Sony VAIO laptop computer. On the Sony VAIO desktop computer, the officers found approximately 1,000 images of what appear to be visual depictions of minors engaging in sexually explicit conduct and child pornography. I have personally viewed approximately 20-30 of these images, and each of those images contained such material, as they depicted the lascivious exhibition of the genitalia of pre-pubescent female minors, who were placed in sexually provocative poses.

7. On the Sony VAIO laptop computer, the officers found approximately 100 images of what appear to be visual depictions of minors engaging in sexually explicit conduct and child pornography. I have personally viewed all of these images, and each of those images contained such material, as they depicted pre-pubescent female minors engaged in various sex acts with adult men. In those images, the minors were either performing oral copulation on the adult males or were engaged in sexual intercourse with the men.

8. ICE agents then contacted MANNING at his place of employment and took him into custody. After reading MANNING his *Miranda* rights, I and another ICE agent asked MANNING if he wished to speak with us without an attorney present and MANNING stated that he did wish to do so. In the ensuing interview, MANNING stated the he owned the residence and lived there by himself. He further admitted that he owned all three computers found during the search of the residence and that he had purchased them via the Internet. He said that he was the last person to access these computers in the last year. When told that numerous images of child pornography had been found on computers in his residence, MANNING did not deny that he possessed those images. He stated that he frequently would receive spam e-mails and would click on links in those e-mails, which would take him to various pornography websites; MANNING suggested that his viewing of these websites might be related to why these child pornography images would be on his computers. Later MANNING stated that he would at times take both the Sony VAIO desktop and laptop computers to his second residence in Millsboro, Delaware. He said that another man occasionally stayed with him at this residence and said that this man also had access to the two computers.

probable cause to believe that John E. Donovan has knowingly possessed visual depictions of minors engaging in sexually explicit conduct and child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A.

*Patrick M. McCall*
Patrick M. McCall
Special Agent
U.S. Immigration & Customs Enforcement

SUBSCRIBED and SWORN before me this 26th day of October, 2007

The Honorable Leonard P. Stark
United States Magistrate Judge